**FILED**
**May 21, 2024**
**07:39 AM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| **BRADLEY PAINTER,** | ) | **Docket Number: 2024-20-1769** |
| **Employee,** | ) | |
| **v.** | ) | |
| **AMERICAN MECHANICAL** | ) | |
| **CONTRACTORS INCORPORATED,** | ) | **State File Number: 68810-2023** |
| **Employer,** | ) | |
| **And** | ) | |
| **BUILDERS MUTUAL INSURANCE** | ) | |
| **COMPANY,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER

---

The Court held an expedited hearing on May 16, 2024, to determine whether Mr. Painter is likely to prevail at trial that he is entitled to medical benefits for his left-shoulder injury. Based on the evidence presented, the Court holds that Mr. Painter is not likely to prevail at trial and his request for benefits is denied.

## Claim History

Mr. Painter is a machinist at American Mechanical. On August 15, 2023, he and a co-worker attempted to lift a heavy fifth wheel hitch elevator onto a set of sawhorses. His co-worker did not lift the elevator as Mr. Painter intended, and this caused him to shift his arm into a different position.[1] He testified that he felt a "rip" in his left shoulder as he lifted the elevator.

Stanley Arnold, Safety Director for American Mechanical, testified that Mr. Painter reported a burning feeling in his left shoulder that day. He further stated that Mr. Painter

---

[1] Mr. Painter was working with lifting restrictions due to a right-shoulder work injury that occurred one month earlier.

told him his left shoulder began hurting after doing yard work several days before the alleged injury. He sent Mr. Painter to a clinic for his injury.

The clinic referred Mr. Painter to an orthopedist, and he chose Dr. Jeffrey France from a panel. Dr France ordered an MRI that showed a full-thickness rotator cuff tear, so he ordered surgery.

American Mechanical did not approve the surgery, contending that the medical proof did not show that his alleged injury was the primary cause of his left-shoulder condition or need for surgery. It further argued that Mr. Painter's left-shoulder problem was preexisting because medical records dated shortly before the alleged injury noted that both shoulders are "wrecked," and that he reported left-shoulder pain at least eight days before the date of injury.[2]

Mr. Painter agreed on cross-examination that the medical records showed he complained of pain in his left shoulder at the clinic, but he disagreed that he told the clinic staff that both shoulders were wrecked. He testified that his left arm continues to hurt, and he is limited in how far he can move it and the work he can do.

The parties deposed Dr. France, who testified that when considering whether an injury is new, he looks to the MRI to see the amount of blood or fluid collected around the tear. He compared the images of Mr. Painter's right and left shoulders. He stated, "Even when I looked at it, there was a little more fluid around the right one. So, it's harder to swear the left one might not be a more chronic condition."

He added that retraction can also suggest an acute injury. He noted that, "[w]ith that much retraction, there may have been some element of tear before. [W]ith a 3.9-centimeter tear, that somehow . . . has been there before unless you just see all this blood and fluid. . . . I did not see that in the left shoulder."

The parties also asked whether Mr. Painter could have aggravated a preexisting condition. The last question to Dr. France did not use the statutory "more likely than not" language. Instead, counsel asked, "That's as likely not what happened as any other cause. Is that correct?"[3] Dr. France's answer was "Yes. I guess[.]"

### Findings of Fact and Conclusions of Law

Mr. Painter must prove he is likely to prevail at a final hearing on his requested benefits. Tenn. Code Ann. § 50-6-239(d)(1) (2023); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

---

[2] These medical records were from a compensable right shoulder workers' compensation injury.
[3] The Court is unsure of the exact meaning of this question because it was posed as a negative.

This case comes down to whether Dr. France, the authorized treating physician, primarily related Mr. Painter's current left-shoulder condition and the need for surgery to the work incident. His causation opinion is rebuttably presumed correct. Tenn. Code. Ann. § 50-6-102(12)(E). Both acute injuries and aggravations of preexisting injuries may be compensable. *Id*.at -102(12)(A).

Dr. France repeatedly stated that Mr. Painter's shoulder injury appeared to be old because it had retracted. He stated an acute injury could also retract, but the MRI image would show more blood and fluid in the shoulder than he saw in Mr. Painter's imaging.

Further complicating matters for Dr. France was Mr. Painter's minor complaints of left-shoulder pain before the injury. Although he did mention pain, and the notes stated his shoulders were "wrecked" before the injury, no comprehensive medical records were presented that predate the injuries Mr. Painter suffered at work. Thus, the Court cannot determine whether Mr. Painter injured his shoulder in the past and the extent of the injury, if any, or whether he simply experienced everyday pain in his left shoulder.

To answer the question, the parties asked Dr. France if Mr. Painter could have aggravated a preexisting condition in his left shoulder. Dr. France was equivocal throughout. His answer to the last question, "Yes. I guess," is similarly noncommittal.

The medical evidence, at this time, suggests that Dr. France did not affirmatively state that Mr. Painter suffered an acute injury or aggravation of a preexisting condition primarily arising out of his work. Thus, the Court holds Mr. Painter is not likely to prevail at trial about his left-shoulder injury and the need for surgery.

**IT IS, THEREFORE, ORDERED**:

1. Mr. Painter's claim against American Mechanical for the requested benefits is denied at this time.

2. The parties shall appear for a Status Hearing on **June 26, 2024**, at **2:00 p.m. Eastern**. You must call **855-543-5044**. Failure to call in may result in a determination of the issues without your further participation.

**Entered May 21, 2024.**


*Brian K. Addington*
_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

3

**APPENDIX**

Exhibits:
1. Affidavit of Bradley Painter
2. Declaration of Stanley Arnold
3. Causation opinion questionnaire by Dr. France
4. Occupational Medicine Clinic Visit
5. Watauga Orthopaedics
6. Deposition of Dr. Jeffrey France
7. Photo (elevator)
8. Photo (scales)

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on May 21, 2024.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|---------------|-----|-------|------------------|
| Daniel Minor, Employee's Attorney | | | X | dan@danielbminor.com<br>maria@danielbminor.com |
| Jeffery Foster, Employer's Attorney | | | X | jfoster@morganakins.com<br>jtallent@morganakins.com |

_____

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*